# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LEROY WALKER,<br><br>                        Plaintiff,<br><br>         v.<br><br>KOHL'S INC., ET AL.,<br><br>                        Defendants. | Case No. 2:20-cv-01462-RFB-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Relief of Funds (ECF No. 15) and Motion for Appointment of Counsel (ECF No. 16), filed on September 30, 2020. The Court carefully considered Plaintiff's request for relief of funds, but finds it to be without merit. He fails to support it with proper points and authority. Additionally, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2)

the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the court does not find any exceptional circumstances.  Upon review of Plaintiff's complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits.  Further, the claims, such as they are, are not complex.  The Court will therefore deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief of Funds (ECF No. 15) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 16) is **denied**.

DATED: October 13, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE