# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| David Leroy Walker, | Case No. 2:20-cv-01462-CDS-DJA |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss, Denying Motion for Rule 54(b) Certification, and Closing Case** |
| Las Vegas Metropolitan Police Department and Kalif Jamel Summers, | [ECF Nos. 51, 53] |
| Defendants | |

Plaintiff David Leroy Walker sues the Las Vegas Metropolitan Police Department and one of its detectives, Kalif Jamel Summers, alleging that Summers wrongfully charged Walker with thirteen felony counts for thefts that Walker could not have committed because he was incarcerated when they were carried out. Walker brings nearly ten claims against both defendants, including a § 1983 claim for the violation of his Fourth Amendment rights, a *Monell* claim, and various tort claims. LVMPD moves to dismiss Walker's complaint in its entirety under Federal Rule of Civil Procedure (FRCP) 12(b)(6) for failure to state a claim. Walker opposes LVMPD's motion but voluntarily withdraws two of his claims. Summers was never served in this case, so he has not appeared. Because I find that Walker has failed to sufficiently plead any of his claims—despite opportunity to amend his complaint—I grant LVMPD's motion to dismiss. I also *sua sponte* dismiss Summers from the case because he was never served. Finally, I deny as moot the motion of two since-terminated defendants for FRCP 54(b) certification. With no claims or defendants remaining, I order the Clerk of Court to enter judgment accordingly and close this case.

I.      **Relevant background**[1]

Walker alleges that he was in the custody of the Nevada Department of Corrections (NDOC) and the Clark County Detention Center (CCDC) beginning in November 2017. First-Am. Compl., ECF No. 50 at ¶ 14. A LVMPD detective, Summers, investigated a series of thefts that occurred at retail stores between May and July of 2019, and he determined that Walker was responsible for all of them—while Walker was still incarcerated. *Id.* at ¶¶ 15–19. Walker alleges that Summers knew of the underlying conviction from 2018 that led to Walker's incarceration and thus should have consulted with the NDOC to determine whether Walker was still in custody at the time of the 2019 thefts—which he was. *Id.* at ¶ 21. Walker was charged with 13 felony counts for the thefts. *Id.* at ¶ 20.

He contends that because of these "bogus" felony charges, he was denied his request for minimum custody and was denied placement in a work camp, meaning he lost the opportunity to earn good-time credits—ultimately extending his sentence. *Id.* at ¶¶ 24–27. He also argues that he was denied furlough to visit his sick grandmother, who died in January 2020, just a few weeks before all 13 felony charges were dropped against him based on the impossibility of him committing the crimes while incarcerated. *Id.* at ¶¶ 25, 28–29. Last year, the Honorable United States District Judge Richard Boulware dismissed all but two of the defendants and granted Walker leave to file an amended complaint curing the initial complaint's deficiencies. ECF No. 49. During that hearing, Judge Boulware told Walker that this was the last time he would have leave to amend. *Id.* Walker timely filed an amended complaint, bringing claims against LVMPD and Summers. ECF No. 50. LVMPD now moves to dismiss all of Walker's claims, and Summers—who has not been served in this case—has not appeared and therefore does not respond to Walker's first-amended complaint.[2]

---

[1] This information summarizes Walker's allegations and does not represent findings of fact.

[2] I find LVMPD's motion suitable for disposition without oral argument. LR 78-1.

1     II.     **Legal standard**

2     The FRCP require a plaintiff to plead "a short and plain statement of the claim showing

3  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule

4  12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P.

5  12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a

6  legally cognizable claim and the grounds on which it rests, and although a court must take all

7  factual allegations as true, legal conclusions couched as factual allegations are insufficient.

8  *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions,

9  and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a

10  motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state

11  a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

12  *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

13  content that allows the court to draw the reasonable inference that the defendant is liable for

14  the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a

15  defendant has acted unlawfully." *Id.*

16     If the court grants a motion to dismiss for failure to state a claim, leave to amend should

17  be granted unless it is clear that the deficiencies of the complaint cannot be cured by

18  amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a

19  court should "freely" give leave to amend "when justice so requires," and in the absence of a

20  reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated

21  failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing

22  party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*,

23  371 U.S. 178 (1962).

24

III.     **Walker fails to sufficiently plead any of his claims.**

        *a.     Walker's § 1983 claim fails as a matter of law.*

LVMPD moves to dismiss Walker's § 1983 claim, arguing that "the doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 claims against municipalities." ECF No. 51 at 7 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (internal citation omitted)). Walker disagrees, arguing that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." Response, ECF No. 54 at 5 (citing *Pembaur*, 475 U.S. at 478). The only two remaining defendants are LVMPD—a municipal entity—and Summers—a LVMPD officer. As explained *infra*, I dismiss all claims against Summers because he has not been served in this case. That leaves Walker's § 1983 claim against LVMPD only. ECF No. 50 at ¶¶ 31–32. Walker alleges that LVMPD and Summers violated § 1983 "by depriving [him] . . . of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* at ¶ 32. His allegations for this claim end there. As LVMPD correctly points out, § 1983 claims cannot be brought against municipal entities unless they are brought as *Monell* claims: "[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). Because Walker brings a separate *Monell* claim (addressed *infra*), this claim for a violation of his Fourth Amendment rights under § 1983 is duplicative and not permitted by law because municipalities can only be sued under *Monell*. I therefore dismiss Walker's § 1983 claim.

1                      *b.*       *Walker does not allege a policy that led to his perceived constitutional violations.*

2           LVMPD also moves to dismiss Walker's *Monell* claim, arguing that his complaint relies on

3    "conclusory allegations with no factual support" and that Walker has not identified "a policy,

4    that when enforced, caused the alleged constitutional violations" nor has he alleged "a

5    widespread practice within [LVMPD] of officers failing to adequately investigate crimes." ECF

6    No. 51 at 7. Walker responds that he has "allege[d] a policy that [LVMPD] failed to check his

7    incarceration records prior to issuing an [a]rrest [w]arrant even though Detective Summers

8    knew him to be an incarcerated person." ECF No. 54 at 5.

9           To sufficiently plead a *Monell* claim, a plaintiff must "(1) identify the challenged policy or

10   custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom

11   caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate

12   indifference." *Harvey v. City of S. Lake Tahoe*, 2012 WL 1232420, at *3 (E.D. Cal. April 12, 2012)

13   (citing *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009)). Walker does not

14   identify any express policy that LVMPD has of instructing its officers to ignore incarceration

15   records. He makes broad allegations that LVMPD had policies "[t]o tolerate the failure to

16   adequately investigate criminal allegations" and "[t]o fail to use appropriate and generally

17   accepted law enforcement procedures in handling criminal investigations." ECF No. 50 at ¶ 34.

18   But without more, this claim cannot survive dismissal. *See Waggy v. Spokane Cnty. Wash.*, 594 F.3d

19   707, 713 (9th Cir. 2010) (affirming summary judgment in defendant's favor because, as with here,

20   the plaintiff "failed to allege any facts supporting his claim"). I therefore grant LVMPD's motion

21   to dismiss Walker's *Monell* claim.

22                     *c.*       *Walker does not sufficiently plead a false-arrest/false-imprisonment claim.*

23          LVMPD argues that Walker's false-arrest claim cannot survive dismissal because he fails

24   to allege that an arrest occurred or that a LVMPD officer falsely imprisoned him. ECF No. 51 at

8. Walker responds that he "was restrained in his ability to obtain a minimum level of custody, and he was denied his ability to obtain [g]ood [t]ime credit due to this increased incarceration level." ECF No. 54 at 6. LVMPD replies that Walker concedes that he was not arrested and notes that "an inmate does not have a protected liberty interest in his incarceration status." ECF No. 55 at 3–4 (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). To sufficiently plead a false-arrest claim in Nevada, a plaintiff "must show [that] the defendant instigated or effected an unlawful arrest." *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988). And "[t]o establish false imprisonment of which false arrest is an integral part, it is . . . necessary to prove that the person be restrained of his liberty under the probable imminence of force without any legal cause or justification." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (quoting *Marschall v. City of Carson*, 464 P.2d 494, 497 (1970)).

Walker does not allege in his first-amended complaint that he was arrested by a LVMPD officer in connection with the erroneous burglary charges.[3] He does allege that he was already in custody based on his previous sentence (ECF No. 50 at ¶¶ 14, 17), but he fails to show that the erroneous felonies led to another arrest. As LVMPD notes, "[i]t is undisputed that [Walker] was incarcerated . . . at the time [LVMPD] detectives were investigating the string of burglaries and when he was ultimately charged" and "regardless of the mistaken charges, [Walker] was and continued to remain in the custody of [NDOC]." ECF No. 55 at 4. Walker has not shown that the additional charges altered his custody situation, and his conclusory allegation that he could have moved to a different level of custody or obtained good-time credit, without more, is mere

---

[3] In fact, the false-arrest/false-imprisonment section of his first-amended complaint does not reference Walker at all—it refers only to someone named "Robinson," who was never a party to this case and is presumably a carry-over from a different case altogether. ECF No. 50 at ¶¶ 42–49. Even the presumable references to defendants in this section of the complaint are to unknown individuals named "Theobald," "Ziros," and "Rios." *Id.* at ¶ 42. Walker's counsel is advised to take more care when drafting pleadings in the future. *See generally* Nev. RPC 1.3 (diligence). But in the interests of justice, I construe all of the first-amended complaint's references to "Robinson" to mean "Walker" and its references to the other three names to mean "defendants" generally.

conjecture. To the extent that Walker argues that his existing sentence could have been shorter or somehow different without the additional burglary charges, he has not shown that either. While he may hope or believe that he could have obtained good-time credit or a lesser level of custody had these charges not mistakenly been brought, he has not sufficiently pled those facts. So because Walker has not established the elements of a false-arrest/false-imprisonment claim, I grant LVMPD's motion to dismiss this claim.

> d.    *Walker does not meet the elements of a malicious-prosecution claim.*

Walker alleges that LVMPD and Summers maliciously prosecuted him by bringing the felony theft charges against him. ECF No. 50 at ¶¶ 50–57. LVMPD moves to dismiss this claim, arguing that "there are no facts that demonstrate [LVMPD] initiated, procured, or actively participated in any criminal prosecution of [Walker]." ECF No. 51 at 10. LVMPD also contends that "there are no facts that this [c]ourt could infer that the [LVMPD] officers had an ulterior motive." *Id.* In Nevada, "the elements of a malicious prosecution claim are: '(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage.'" *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quoting *Jordan v. Bailey*, 944 P.2d 828, 834 (Nev. 1997)). I find that Walker has not sufficiently alleged the malice element of this claim, as the only allegation he makes with respect to malice is that the "[d]efendants . . . acted with malice toward Walker." ECF No. 50 at ¶ 53. Such conclusory allegations are insufficient to meet the *Iqbal-Twombly* pleading standard. Because he cannot meet the elements of a malicious-prosecution claim, I grant LVMPD's motion to dismiss it.

> e.    *Walker does not sufficiently plead an intentional-infliction-of-emotional-distress claim.*

In Walker's claim for intentional infliction of emotional distress (IIED), he broadly alleges that "[e]ach and every action, omission[,] and/or conduct of [d]efendants . . . as set forth hereinabove was extreme and outrageous causing [Walker] to suffer emotional distress." ECF

No. 50 at ¶ 59. LVMPD urges me to dismiss Walker's IIED claim because "there are no allegations of extreme and outrageous conduct," he "has not alleged [that LVMPD] officers intended to cause [Walker] emotional distress," and he fails to allege "that any conduct by [LVMPD] resulted in [Walker] suffering emotional distress." ECF No. 51 at 10–11. Walker disagrees, classifying LVMPD's "attempt to pass [its conduct] off [as] anything but a heinous act against [Walker] [a]s outrageous." ECF No. 54 at 7. In Nevada, the elements of IIED are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress[,] and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981) (citation omitted). Walker has pled none of these elements here. While LVMPD and Summers may have erroneously charged Walker, he does not allege any facts demonstrating that LVMPD intended to cause him emotional distress in bringing the charges. As pled, Walker's complaint does not show that LVMPD's conduct was an act "with either the intention of or reckless disregard for" Walker's emotional state. *Star*, 625 P.2d at 92. Nor has Walker pled that he has suffered severe or extreme emotional distress as a result of LVMPD's conduct. As a result, I grant LVMPD's request to dismiss this claim.

     *f.*  *Walker's claim for gross negligence does not survive dismissal.*

    Walker alleges that LVMPD "failed to exercise even a slight degree of care . . . demonstrating a substantially and appreciably higher magnitude of culpability and aggravation than ordinary negligence." ECF No. 50 at 13. LVMPD seeks dismissal on the grounds that Walker "has not identified a particular duty owed by [LVMPD]" and that "the mere failure to search [NDOC], an entirely separate entity from [LVMPD], is not sufficient to establish an affirmative duty by [LVMPD] officers." ECF No. 51 at 11–12. Walker does not directly address the duty element in his response brief but appears to argue that "the knowledge of [Walker's]

convictions should have prompted [d]efendant Summers to investigate the [NDOC] website, where in a few minutes he could have located [Walker]." ECF No. 54 at 7.

"Gross negligence 'is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care.'" *Cornella v. Just. Ct.*, 377 P.3d 97, 102 (Nev. 2016) (quoting *Hart v. Kline*, 116 P.2d 672, 674 (Nev. 1941)). Walker does not allege that there exists a legal duty to check a website and determine whether someone is listed or not. He does not adequately show that LVMPD had a duty to check certain databases before proceeding with charges against Walker. So because it is unclear what duty, if any, LVMPD owed Walker, I grant its motion to dismiss the gross-negligence claim.

> g. *Walker's allegations of negligent hiring, training, and supervision are insufficient.*

Walker's seventh cause of action is for negligent hiring, training, and supervision. ECF No. 50 at ¶¶ 67–72. He alleges that LVMPD "had a mandatory duty to properly and/or completely regulate, train, test[,] and supervise its officers so as to avoid unreasonable risk of harm to citizens," *id.* at ¶ 68, but breached that duty "by having inadequate training, testing, reporting[,] and supervisory procedures regarding officers' treatment and behavior towards citizens." *Id.* at ¶ 69. LVMPD moves for dismissal of this claim because "the [c]omplaint fails to allege any facts pertaining to [LVMPD's] hiring, retention, and supervision" and alternatively argues that because LVMPD's policies are discretionary in nature, LVMPD is immune from suit as to this claim. ECF No. 51 at 13–16. Walker's response addresses this claim only with respect to Summers, not LVMPD itself, although he brings the claim against both. ECF No. 54 at 8. He asserts that immunity does not apply because Summers acted in bad faith when he "deliberately ignored exculpatory evidence." *Id.*

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the

position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quoting *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev. 1991)). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.* (citation omitted). And "[a]s is the case in hiring an employee, the employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Id.* at 99 (citation omitted). Walker does not allege any of the required elements of this claim. He fails to allege that LVMPD knew or should have known that Summers had certain propensities or even that LVMPD failed to conduct a background check. His claim is nothing more than a "formulaic recitation of [the] cause of action's elements" and is therefore insufficient under the *Iqbal-Twombly* pleading standard. *Twombly*, 550 U.S. at 555. Consequently, I grant LVMPD's motion to dismiss it.

h.      *Walker does not sufficiently plead a claim for negligent infliction of emotional distress.*

LVMPD asserts that Walker's claim for negligent infliction of emotional distress (NIED) fails because Walker "has not alleged any resulting physical symptoms at the hands of [LVMPD]." ECF No. 51 at 17. Walker does not address this claim in his response brief (*see* ECF No. 54), so LVMPD urges me to "grant the motion as to this claim." ECF No. 55 at 9. Although Walker does not address this claim in his reply brief, I decline to dismiss it on that basis and instead assess it on the merits. *But see* LR 7-2(d) (providing that a party's failure "to file points and authorities in response to any motion . . . constitutes [] consent to the granting of the motion.").

To sufficiently plead a claim for negligent infliction of emotional distress, a plaintiff must have "suffer[ed] 'serious emotional distress which results in physical symptoms caused by apprehending the death or serious injury of a loved one due to the negligence of the defendant.'" *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 482 (Nev. 1993) (quoting *State v. Eaton*, 710 P.2d 1370, 1379

(Nev. 1985)). Walker fails to plead the required physical-symptom element of an NIED claim. Such claims are typically brought, for example, when one plaintiff witnesses the injury to or death of a close loved one and that same plaintiff suffers physical symptoms as a result. *See id.* Walker makes no allegations that he has experienced physical symptoms resulting from LVMPD's actions, nor has he pled that he witnessed a loved one become injured by LVMPD. Indeed, his NIED claim lacks factual allegations and broadly asserts that he "suffered severe emotional distress" as a result of the "negligent, improper, illegal[,] and unconstitutional actions of the [d]efendants" without explaining how or why. ECF No. 50 at ¶¶ 79–80. Such conclusory allegations are fatal to Walker's claim, so I dismiss it.

**IV.    Walker voluntarily withdraws his claims for negligence and special damages.**

In his response brief, Walker voluntarily withdraws his negligence claim, seeking leave to amend it. ECF No. 54 at 7. LVMPD opposes that request and contends that Walker "should not be permitted leave to amend" because he "has had ample opportunity to establish his causes of action against [LVMPD]." ECF No. 55 at 7. I agree. When Judge Boulware permitted Walker to file an amended complaint, he cautioned Walker that he would not be given leave to amend again. ECF No. 49. Walker had notice of the deficiencies in his initial complaint and had the opportunity to cure them but did not sufficiently do so. Because he has already been given leave to amend, I deny his request for leave and dismiss the negligence claim based on his voluntary withdrawal of it. Walker also voluntarily withdraws his claim for special damages. ECF No. 54 at 8. Unlike his negligence claim, he does not seek leave to amend this claim. *Id.* Because Walker voluntarily withdraws it, I dismiss the claim for special damages.

**V.    All claims against Summers are dismissed because he was never served.**

The record is devoid of proof that Summers has been served in this case. Indeed, LVMPD points out that "Summers has not been served with the [c]omplaint." ECF No. 51 at 1 n.1. Rule

1  4(m) governs service of process and provides that "[i]f a defendant is not served within 90 days

2  after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

3  must dismiss the action without prejudice against that defendant or order that service be made

4  within a specified time." Fed. R. Civ. P. 4(m). About six months after this case was removed to

5  federal court, the Clerk of Court issued a notice of intent to dismiss under Rule 4(m), explaining

6  that "[t]o date, there has been no proof of service filed as to" nine of the defendants, including

7  Summers. ECF No. 20. The Clerk further noted that "[n]otice is given that this action may be

8  dismissed without prejudice as to [the] above parties unless proof of service is filed with the

9  clerk by 02/11/2021" and that "[f]ailure to comply with this notice may result in dismissal of the

10  action without prejudice as to said parties." *Id.*

       But that deadline came and passed, and Summers remained unserved. While Walker did

11

12  serve some of the defendants, he failed to demonstrate that he even attempted to serve Summers.

13  *See, e.g.*, ECF Nos. 27–31, 34–36 (proposed and executed summonses for other defendants).

14  Walker then filed the operative complaint—his first-amended complaint—nearly a year ago on

15  October 12, 2021, and Summers has apparently not been served with that amended pleading

16  either. ECF No. 50. It is well established that "notice to the plaintiff must be given prior to *sua*

17  *sponte* dismissal." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Thompson v.*

18  *Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam)). Because Walker has failed to show

19  good cause why he has not been able to serve Summers, despite the court's notice of intent to

20  dismiss under Rule 4(m), I *sua sponte* dismiss all claims against Summers.

21      **VI.**    **Conclusion**

22       IT IS THEREFORE ORDERED that LVMPD's motion to dismiss **[ECF No. 51] is**

23  **GRANTED** in its entirety, and the motion for Rule 54(b) certification **[ECF No. 53] is**

24  **DENIED as moot**.

IT IS FURTHER ORDERED that all claims against Summers are **DISMISSED** under Rule 4(m) because he was never served in this case. The Clerk of Court is directed to enter judgment accordingly and **CLOSE THIS CASE**.

DATED: October 3, 2022

_____
Cristina D. Silva
United States District Judge

13